## DEMAND AS A PREREQUISITE TO AN ACTION FOR NECESSARIES.

Common Pleas Court of Columbiana County.

SAMUEL AMMON ET AL v. O. C. DELANEY.

Decided, April 13, 1911.

*Necessaries—Demand Not a Prerequisite to an Action for Recovery for, When—Attachment—Proceedings in Aid of Execution—Appeal— Sections 10272, 10436, 10441 and 10382.*

1. Demand is a prerequisite to the bringing of an action for necessaries only when the action is accompanied by an order of attachment; for a civil action before a justice of the peace for necessaries, or in bringing proceedings in aid of execution, demand is not a condition precedent.

2. Appeal does not lie to a proceeding in aid of execution to enforce a judgment for necessaries, where the transcript shows that the defendant filed a motion to discharge the attachment which the justice overruled and exceptions were taken.

*G. Y. Travis,* for plaintiff.
*G. S. Thompson,* for defendant.

MOORE, J.

Appeal from justice of the peace.

On February 1, 1911, the plaintiffs filed their bill of particulars against defendant in a civil action before Daniel Mc-Lane, J. P., of Liverpool township, this county; to recover a judgment for two months' rent of house which defendant had occupied as tenant of plaintiff from December 2, 1910, to February 2, 1911. No demand was made of defendant by plaintiff as mentioned and required in General Code, 10272, before the beginning of that action before the justice. Summons was issued and served, and on February 10, 1911, judgment was rendered and entered in said action by said justice in favor of plaintiffs and against defendant for the sum of $25.30 and costs. Afterward, on February 21, 1911, plaintiffs filed an affidavit in said case under General Code, 10436, under proceedings in aid of execution, and notice thereof was served on the defendant and

also upon the China Porcelain Company, which is claimed to have some money as wages of defendant in its hands owing by it to defendant. No demand as required by General Code, 10272, was made on defendant before filing said affidavit in aid of execution. After the service of said notices on defendant and said company, the defendant filed a motion to "discharge attachment." All of the above named papers are before this court at this time on a so-called appeal from the decision of the justice, which decision, so far as I am informed, is the decision endorsed upon the back of said motion in these words: "Motion overruled. Exceptions taken to the overruling." It also appears that defendant had, on February 11, 1911, given an order for 10 per cent. of his wages to one J. W. Shreve for rent.

I am of opinion that the notice or demand mentioned in General Code, 10272, is not required as a condition precedent to the commencement of a civil action for necessaries before a justice of the peace, or the beginning of proceedings in aid of execution under General Code, 10436 to 10443 inclusive. Such demand is only necessary when the action is accompanied with an order of attachment. If no attachment is sought no demand is necessary. And I cite *Nemit* v. *Vargo,* 8 C.C.(N.S.), 97, and *K. B. Co.* v. *Batie,* 2 C.C.(N.S.), 358.

In *Nemit* v. *Vargo, supra,* the three judges give different opinions for the judgment entered, while *K. B. Co.* v. *Batie, supra,* holds that the demand is not necessary to give jurisdiction of the action, but is necessary if the four dollars costs are to be taxed against the defendant and taken out of his wages in addition to the 10 per cent. thereof.

In *Hughes* v. *Shields,* 7 C.C.(N.S.), 84, it is held that when the demand is not made the attachment should be discharged, but that would not prevent the plaintiff from proceeding with his case to obtain a judgment upon the claim. So that I hold the demand under General Code, 10272, is unnecessary, except and only when attachment proceedings are to be instituted. It is probable that even though no such demand be made before the action is begun, that the action could proceed to judgment and the attachment be sustained as to the 10 per cent. of the wages, but not as to the four dollars costs. But that point I do not decide.

This matter is here on a so-called appeal from the decision of the justice of peace on said motion to dismiss the attachment. There is no attachment proceedings in this case. It is an appeal or error from the justice's court in the matter of the proceeding in aid of execution under General Code, 10436. If it is an error case then it can not proceed here, as there is no final judgment entered before the justice that I know of, and no petition in error is on file in this court or with the judge thereof. If it is intended as an appeal from the decision of the justice on a motion to dissolve the attachment under General Code. 10259, 10260, then the defendant has mistaken his remedy, as there is no attachment and no motion to dissolve the same to appeal from, as the case before the justice of the peace is not one in attachment, but is under the aid of execution statute. And under General Code, 10436-10443, there is no such appeal provided for as is asserted here.

General Code, 10441, provides:

"An appeal shall lie from such proceedings to the court of common pleas in like cases and manner as from other judg ments of justices of the peace."

Certainly this is a different kind of appeal from a decision on motion to discharge an attachment. The appeal provided for in General Code, 10441, requires a compliance with General Code, 10382-10398, inclusive, and bond must be given, transcript filed. and so forth.

I wish to say that I do not think the four dolalrs cost provision applies in proceedings in aid of execution. Nothing but the 10 per cent. can be held under these proceedings; the 90 per cent. being exempt.

I also call counsel's attention to *Mitchell* v. *Bradshaw*, 2 O. L. R., 353, relative to the Shreve order.

It is therefore considered by this Court of Common Pleas of Columbiana County, Ohio, that this case be remanded to said Daniel McLane, justice of the peace of Liverpool township. for such further proceedings as may be required by law, and for such judgment in said action in aid of execution under said affidavit and notice served thereunder as the law requires.